USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5-23-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: EVERTON ALOYSIUS STERLING

EVERTON ALOYSIUS STERLING,

    Appellant,

 - against -

STEVEN J. BAUM P.C. et al.,

    Appellees.

18cv3733 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The pro se appellant, Everton Aloysius Sterling, appeals from the Bankruptcy Court's order denying reconsideration of its order dismissing with prejudice his adversary proceeding against the appellees, Steven J. Baum P.C., Frenkel Lambert Weiss Weisman & Gordon, LLP, and Specialized Loan Servicing, LLC.[1] The order is **affirmed**.

I.

Nonparty Deutsche Bank National Trust Company ("DBNTC"), represented by appellee Steven J. Baum P.C., commenced a foreclosure action in state court in June 2008 with respect to a property in The Bronx, New York ("the Property"). See No. 17-ap-

---

[1] Appellee Specialized Loan Servicing, LLC, is sued in its capacity "as Servicer for Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2006-FF6, Mortgage Pass-Through Certificates, Series 2006-FF6." See Docket and Caption in this case.

1

1123 Dkt. No. 21-5 (Bankr. S.D.N.Y. 2017). The original mortgagor and record owner of the Property at the time of the default was Howard White. See id. DBNTC filed a motion for a judgment of foreclosure, which was opposed by the appellant, who claimed to be the owner of the Property. No. 17-ap-1123 Dkt. No. 21-8. The state court granted the motion for a judgment of foreclosure in favor of DBNTC and against Howard White. No. 17-ap-1123 Dkt. No. 21-9. The appellant later moved the state court for an order vacating the judgment of foreclosure. See No. 17-ap-1123 Dkt. No. 24-5. The appellant's motion was denied. Id.

In September 2014, the appellant filed a petition for bankruptcy. No. 14-bk-12608 Dkt. No. 1 (Bankr. S.D.N.Y. 2014). DBNTC, now represented by appellee Frenkel Lambert Weiss Weisman & Gordon, LLP, moved the Bankruptcy Court to vacate the automatic stay so that DBNTC could enforce its mortgage on the Property. No. 14-bk-12608 Dkt. No. 123. The appellant opposed the motion, No. 14-bk-12608 Dkt. No. 129, and the Bankruptcy Court granted DBNTC's motion in a January 5, 2018 order, No. 14-bk-12608 Dkt. No. 144. The appellant appealed that order to a court in this District, and the appellant's appeal was dismissed on January 24, 2019, due to his failure to prosecute his appeal. No. 18-cv-2234 Dkt. Nos. 1-3 (S.D.N.Y. 2018). Moreover, in his bankruptcy proceeding, the appellant was denied a discharge in July 2018 pursuant to 11 U.S.C. § 727(a), and the automatic stay

2

was therefore terminated pursuant to 11 U.S.C. § 362(c)(2)(C). No. 14-bk-12608 Dkt. No. 158.

Meanwhile, after the Bankruptcy Court granted DBNTC's motion to vacate the automatic stay, the appellant filed an adversary proceeding against the appellees (and others) in Bankruptcy Court, alleging claims of fraudulent conveyance, violation of the Stolen Property Act, unjust enrichment, and violation of the New York Unfair Trade Practices Act. See No. 17-ap-1123 Dkt. Nos. 1, 52 at 7. The appellees moved to dismiss the proceeding. The appellant then moved to voluntarily dismiss his adversary proceeding without prejudice, and his motion was denied. No. 17-ap-1123 Dkt. Nos. 38, 50 at 10. The parties finished briefing the motion to dismiss and then argued it before the Bankruptcy Court. See No. 17-ap-1123 Dkt. No. 48.

After hearing argument, the Bankruptcy Court scheduled a hearing for March 2, 2018, at which the Bankruptcy Court would read its decision on the motion to dismiss from the bench. Id. The appellant did not attend the hearing. Id. At the hearing, the Bankruptcy Court read its decision granting the appellees' motion and dismissing the adversary proceeding, with prejudice, "for a number of reasons," including:

- the appellant's adversary proceeding was in effect a challenge to the state-court judgment of foreclosure and was therefore unreviewable under the Rooker-Feldman doctrine;

3

- relatedly, the doctrines of res judicata and collateral estoppel prevented the appellant from relitigating the foreclosure case;
- the appellant lacked standing to bring claims in an adversary proceeding that existed as of the time he filed his bankruptcy petition because such claims could be brought only by the Chapter 7 trustee, and the appellant was not the trustee;
- many of the appellant's claims were time barred; and
- the appellant failed to serve one party properly, brought a cause of action pursuant to a statute without a private right of action, and failed to plead fraud with particularity.

No. 17-ap-1123 Dkt. No. 52 at 9-19.

The appellant moved the Bankruptcy Court to reconsider its decision dismissing his adversary proceeding. No. 17-ap-1123 Dkt. No. 47. He explained that he showed up for the March 2, 2018 hearing at the incorrect time and argued that the Bankruptcy Court should allow him to be heard further and should reconsider its decision. Id. On April 10, 2018, the Bankruptcy Court denied the appellant's motion for reconsideration, stating that the motion had already been argued, the court did not hear argument at the March 2 hearing, and the appellant did not provide any reason for the court to reconsider its decision other than the appellant's absence at the March 2 hearing. No. 17-ap-1123 Dkt. No. 48.

The appellant filed a timely notice of appeal with this Court dated April 24, 2018. Dkt. No. 1. The appellant's notice of appeal references only the Bankruptcy Court's decision

denying the appellant's motion to reconsider its order dismissing his adversary proceeding. However, in his briefing the appellant also urges this Court to review the Bankruptcy Court's order vacating the automatic stay and its order dismissing the appellant's adversary proceeding with prejudice.

**II.**

The Court reviews the Bankruptcy Court's conclusions of law de novo and its findings of fact for clear error. <u>In re Vebeliunas</u>, 332 F.3d 85, 90 (2d Cir. 2003). The Court reviews the Bankruptcy Court's denial of the appellant's motion for reconsideration for an abuse of discretion. <u>Matter of AMR Corp.</u>, 566 B.R. 657, 665 (S.D.N.Y. 2017).

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." <u>In re Beacon Assocs. Litig.</u>, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quotation marks omitted). To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Doe v. N.Y.C. Dept. of Soc. Servs.</u>, 709 F.2d 782, 789 (2d Cir. 1983).

**III.**

The Bankruptcy Court did not abuse its discretion in denying the appellant's motion for reconsideration of the order granting the appellees' motion to dismiss and dismissing the appellant's adversary proceeding with prejudice. The Bankruptcy Court provided the appellant with the opportunity to brief and argue against the appellees' motion to dismiss. The March 2, 2018 hearing was merely for the Bankruptcy Court to read its decision and not for the parties to argue the motion further. And other than his unintended absence from the March 2 hearing, the appellant's motion provided no basis for the Bankruptcy Court to reconsider its decision.

The Bankruptcy Court's denial of the appellant's motion for reconsideration is the only decision properly on appeal before this Court. Neither the Bankruptcy Court's order lifting the automatic stay nor its order dismissing the appellant's adversary proceeding, the orders challenged by the appellant's motion for reconsideration, are contained in the appellant's notice of appeal. Moreover, the appellant filed his notice of appeal more than fourteen days after the entry of those orders. See Fed. R. Bankr. P. 8002(a); In re Residential Capital, LLC, 519 B.R. 606, 610 (S.D.N.Y. 2014). The Court therefore does not have jurisdiction to consider either the order lifting the

automatic stay or the order dismissing the appellant's adversary proceeding with prejudice.

In any event, the appellant's challenges to both orders are meritless. He already appealed the order lifting the automatic stay, and a court in this District dismissed his appeal because the appellant failed to prosecute it. Further, an appeal of the order lifting the automatic stay is now moot because the Bankruptcy Court has declined to issue a discharge in the appellant's bankruptcy case, which terminated the automatic stay.

Moreover, the Bankruptcy Court's decision dismissing the appellant's adversary proceeding was well reasoned and correct. It properly identified numerous grounds that required the adversary proceeding to be dismissed.

Finally, the appellant's argument that the Bankruptcy Court should have dismissed his adversary proceeding without prejudice is unpersuasive. First, the Bankruptcy Court acted within its discretion when it denied the appellant's motion to dismiss his case without prejudice after the appellees had already moved to dismiss the action. Each of the relevant factors supported denying the motion. See Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2001) (setting forth the factors relevant to a court's decision whether to grant a motion to dismiss without prejudice). Second, the Bankruptcy Court properly dismissed the

7

adversary proceeding with prejudice because, among other reasons, the Rooker-Feldman doctrine prevents the appellant from pursing his claims in federal bankruptcy or district court. See In re Moise, 575 B.R. 191, 201 (Bankr. E.D.N.Y. 2017). Thus, the appellant could not have relitigated the claims in his adversary proceeding in the Bankruptcy Court following a dismissal without prejudice.

## CONCLUSION

The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the order appealed from is **affirmed**. The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**May 23, 2019**

_____
John G. Koeltl
**United States District Judge**